UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Metropolitan Property and Casualty Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>Barbara Marti;<br>Shawn Patrick Hearn;<br>Morgan Creek Vineyards; and<br>West Bend Mutual Insurance Company, a Wisconsin Corporation,<br><br>        Defendants. | Civil No. _____<br><br><br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Metropolitan Property and Casualty Insurance Company, for its Complaint for Declaratory Judgment, states and alleges as follows:

### THE PARTIES

1.  Plaintiff Metropolitan Property and Casualty Insurance Company ("Metropolitan") is an insurance company authorized to conduct and transact insurance business in the State of Minnesota.  Metropolitan is incorporated in the State of Rhode Island and has its principal place of business in the State of Ohio.

2.  Upon information and belief, Defendant Barbara Marti ("Marti") is a Minnesota resident with a home address of 221 South Valley Street, New Ulm, Minnesota 56073.

3.     Upon information and belief, Defendant Shawn Patrick Hearn ("Hearn") is a Minnesota resident with a home address of 123 Dolph Road, Mankato, Minnesota 56001.

4.     Upon information and belief, Defendant Morgan Creek Vineyards is incorporated in the State of Minnesota and has its principal place of business in the State of Minnesota.

5.     Upon information and belief, Defendant West Bend Mutual Insurance Company ("West Bend") is an insurance company authorized to conduct and transact insurance business in the State of Minnesota. Metropolitan is incorporated in the State of Wisconsin and has its principal place of business in the State of Wisconsin.

**JURISDICTION AND VENUE**

6.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201. It involves the interpretation and application of a homeowners' insurance policy issued by Metropolitan to Hearn. Metropolitan seeks a declaration as to the rights and obligations of the parties under the Metropolitan insurance policy and the West Bend insurance policy, as an actual controversy exists with respect to coverage thereunder.

7.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, because the plaintiff is a citizen of a different state than the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendant Marti and Defendant Hearn reside in this district and the events and/or omissions giving rise to this action occurred in this district.

9. The Court has personal jurisdiction over Defendants because they reside in this district, are incorporated in this district, or conduct and transact business in this district.

## FACTUAL BACKGROUND

10. On or about September 22, 2012, Defendant Marti was allegedly injured after she fell out of a John Deere Gator Utility Vehicle ("Gator") owned by Defendant Morgan Creek Vineyards and operated by Defendant Hearn.

11. At the time of the September 22, 2012 accident, Defendant Hearn was at Morgan Creek Vineyards' property to attend a vendor event for people in the alcohol production and distribution industry, of which he is a member.

12. At the time of the accident, Defendant Hearn was a volunteer worker of Defendant Morgan Creek Vineyards, and, by operating the Gator, Hearn was performing duties related to the conduct of Morgan Creek Vineyards' business.

13. Metropolitan issued a Homeowners Insurance Policy, policy number 8285834040 ("Metropolitan Policy"), to Defendant Hearn with effective dates of May 5, 2012 to May 5, 2013. A true and correct copy of the Metropolitan policy is attached as Exhibit 1.

14. The Metropolitan Policy contains the following exclusions:

## SECTION II - LOSSES WE DO NOT COVER

## COVERAGE F – PERSONAL LIABILITY AND COVERAGE G – MEDICAL PAYMENTS TO OTHERS

4.   **Business.  We** do not cover **bodily injury** or **property damage** arising out of or in connection with your **business** activities.  This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the business.

. . . .

8.   **Motorized Land Vehicles**.  We do not cover **bodily injury** or **property damage** arising out of:
A.   the ownership, maintenance, occupancy, operation, use, loading or unloading of a motorized land vehicle or trailer owned or operated by or rented or loaned to you . . . .

Coverage is extended for **bodily injury** and **property damage** arising out of:
e.   a motorized land vehicle, not owned by **you**, principally designed for recreational use off public roads, and not subject to motor vehicle registration.

. . . .

15.   The Metropolitan Policy contains the following language regarding priority of coverage:

## GENERAL CONDITIONS

. . . .

10.   **Other Insurance and Service Agreement.**

. . . .
If other insurance is available to **you** for a loss covered under **COVERAGE F – PERSONAL LIABILITY** of this policy, this insurance is excess over other valid and collectible insurance except

4

insurance written specifically to cover as excess over the limits of liability that apply in this policy.

16. Defendant West Bend issued a Commercial General Liability ("CGL") and Inland Marine policy, number CPN 745847 ("West Bend Policy"), to Defendant Morgan Creek Vineyards with effective dates of April 30, 2012 to April 30, 2013. A true and correct copy of the West Bend policy is attached as Exhibit 2.

17. Section II of the West Bend policy provides that volunteer workers, "performing duties related to the conduct of [the] business," are insureds under the West Bend Policy.

18. The West Bend policy contains the following relevant language regarding coverage:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**
**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply. . . .

**2. Exclusions**
This insurance does not apply to: . . .
**g. Aircraft, Auto or Watercraft**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or loaned to any insured. . . .

**SECTION V – DEFINITIONS**

. . . .

**2.** "Auto" means:

a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

. . . .

**12.** "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

**a.** Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

**b.** Vehicles maintained for use solely on or next to premises you own or rent. . . .

However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

19. The West Bend Policy contains the following language regarding priority of coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . . .

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

> This insurance is primary except where Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. . . .
>
> **b. Excess Insurance**
> **(1)** This insurance is excess over:
>    **(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:
>       **(iv)** If the loss raises out of the maintenance or use of . . . "autos" . . . to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury and Property Damage Liability. . . .

20. On or about August 19, 2013, Defendant Marti commenced a civil action against Defendant Hearn and Defendant Morgan Creek Vineyards in Blue Earth County District Court, Minnesota (the "Underlying Action"), alleging that Hearn was negligent and careless in the operation of the Gator and that as the owner of the Gator, Morgan Creek Vineyards is vicariously liable for all injuries and damages resulting from Hearn's alleged negligence. In the Underlying Action, Defendant Marti seeks to recover for her alleged lost wages, loss in earning capacity, and costs of medical treatment. A true and correct copy of the Summons and Complaint in the Underlying Action is attached hereto as Exhibit 3.

## COUNT I: DECLARATORY JUDGMENT

21. Metropolitan re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

22. Because the Underlying Action arose out of or in connection with Defendant Hearn's business activities, there is no coverage under the Metropolitan policy for the claims by Marti against Hearn in the Underlying Action.

23. Because the Underlying Action arose out of the use of a motorized land vehicle that was not principally designed for recreational purposes, there is no coverage under the Metropolitan policy for the claims by Defendant Marti against Defendant Hearn in the Underlying Action.

24. Because the Underlying Action arose out of the use of a motorized land vehicle that is subject to motor vehicle registration, there is no coverage under the Metropolitan policy for the claims by Defendant Marti against Defendant Hearn in the Underlying Action.

25. Metropolitan has no duty to defend or indemnity Hearn and has no obligation to make payments to Marti arising out of the September 22, 2012 accident.

26. An actionable controversy exists between Metropolitan and Defendant Hearn concerning Metropolitan's obligations under the Metropolitan Policy, justifying a determination by the Court of the rights of the parties pursuant to the Federal Declaratory Judgment Act.

27. Metropolitan seeks a declaration that it owes no duty of defense or indemnification under the Metropolitan Policy for any claims made by Defendant Marti against Defendant Hearn arising out of the September 22, 2012 accident.

28. In the event the Court determines that coverage exists under the Metropolitan Policy and under the insurance policy issued by West Bend for the claims alleged against Defendant Hearn in the Underlying Action, then Metropolitan seeks a

declaration the West Bend policy provides primary coverage for said claims and that the Metropolitan Policy provides only excess coverage, if applicable.

**WHEREFORE,** Plaintiff Metropolitan Property and Casualty Insurance Company prays for a declaratory judgment against the above-named Defendants as follows:

1.   That the Metropolitan Policy issued to Defendant Shawn Patrick Hearn provides no coverage for any claims asserted by Defendant Marti against Defendant Hearn arising out of the September 22, 2012 accident.

2.   That Metropolitan owes no duty to defend or indemnify Defendant Hearn, or to pay any amounts to Defendant Marti, in connection with the Underlying Action.

3.   That in the event that the Court declares that the Metropolitan Policy and the policy issued to Morgan Creek Vineyards by West Bend provide coverage for the claims alleged against Defendant Hearn in the Underlying Action, the West Bend policy provides primary coverage and the Metropolitan policy provides excess coverage, if applicable.

4.   For such other and further relief as the Court may deem just and proper, including taxable costs and disbursements.

Dated: July 8, 2014                     Lind, Jensen, Sullivan & Peterson
                                        A Professional Association


                                        s/ Timothy J. O'Connor
                                        Timothy J. O'Connor, I.D. No. 216483
                                        Elizabeth M. Sorenson Brotten, I.D. No. 387148
                                        Attorneys for Plaintiff Metropolitan Property and
                                        Casualty Insurance Company
                                        1300 AT&T Tower
                                        901 Marquette Avenue South
                                        Minneapolis, Minnesota 55402
                                        (612) 333-3637